Opinion issued August 20, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00349-CV

————————————

**HOUSTON COMMUNITY COLLEGE SYSTEMS, Appellant**

**V.**

**TEXAS WORKFORCE COMMISSION AND SABRINA Y. LEWIS,**
**Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-52796**

---

## MEMORANDUM OPINION

Houston Community College Systems (HCC) appeals the trial court's summary judgment affirming the Texas Workforce Commission's (TWC) determination that appellee Sabrina Y. Lewis was entitled to unemployment

benefits. On appeal, HCC contends that a procedural error during the administrative appeals process requires reversal of the TWC determination.

We affirm.

## Background

Appellee Sabrina Y. Lewis began working for HCC in 1992. In September 2015, Lewis confronted a subordinate and informed her that she would be placed on a performance improvement plan. Lewis maintains that she called campus police after the subordinate began yelling and disrupting the office. HCC in turn contends that Lewis yelled and behaved inappropriately, in violation of its policies. HCC put Lewis on administrative leave, and she engaged an attorney. HCC terminated Lewis's employment in early October 2015.

Lewis filed a claim for unemployment benefits, which was allowed by TWC, and HCC appealed. TWC sent Lewis a notice of hearing, which informed her that an appeal tribunal hearing was scheduled for January 5, 2016. Lewis wanted her previously-engaged attorney to represent her at the TWC appeal tribunal hearing, but the attorney was out of the country and would not return before January 5. Both Lewis and HCC requested that the hearing be postponed. The hearing officer denied both requests.

On January 5, 2016, the hearing was conducted by telephone. Lewis called in, and she was sworn as a witness. After answering several undisputed background

2

questions, she declined to participate further because her attorney had previously advised her not to discuss her employment termination. The hearing officer asked if she was going to participate and informed her that if she stayed on the phone call, he would "deem that as a participation." Lewis disconnected. The hearing officer conducted the remainder of the hearing without Lewis, accepting evidence from HCC. Based on HCC's evidence, the appeal tribunal concluded that Lewis's actions constituted misconduct and that she was disqualified from receiving unemployment benefits.[1]

Lewis's attorney requested a new hearing, asserting that Lewis had good cause for her failure to appear because the attorney was out of the country. She also asserted that a new hearing would be "fair" because only HCC's "one-sided evidence" was considered by TWC in making its determination. A different hearing officer conducted a hearing, determined that the unavailability of Lewis's attorney was good cause for her nonappearance, reopened the hearing, and received evidence. After the hearing, the appeal tribunal concluded that the evidence did not prove the "alleged misconduct" and that Lewis was entitled to unemployment benefits.

---

[1] "An individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work." TEX. LAB. CODE § 207.044. "'Misconduct' means mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees." *Id.* § 201.012.

3

HCC initiated a further administrative appeal, and the TWC upheld the appeal tribunal's determination. Having exhausted its administrative remedies, HCC appealed to the district court for de novo review. In the trial court, HCC moved for summary judgment, arguing that the hearing examiner erred by reopening the hearing because Lewis initially made an appearance during the January telephone hearing. HCC asserted that this error required a reversal and reinstatement of the initial "no benefits" determination made after the January appeal tribunal hearing. Lewis moved for summary judgment on the ground that the TWC's final decision that she was entitled to unemployment benefits was supported by substantial evidence. The trial court granted Lewis's summary judgment motion and denied HCC's motion. HCC appealed.

**Analysis**

In its brief, HCC states four issues challenging the trial court's rulings on the motions for summary judgment. Its argument, however, centers entirely on the alleged procedural error of reopening the administrative appeal hearing.[2]

---

[2] HCC's stated issues are:

(1) Whether the trial court erred in denying HCC's Motion for Summary Judgment.

(2) Whether the trial court erred in granting the Motion for Summary Judgment filed by the TWC and Lewis and entering a final judgment in their favor.

We review de novo the trial court's ruling on a motion for summary judgment. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). Each party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "When opposing parties file counter motions for summary judgment and the trial court grants one motion and denies the other, the appellate court has jurisdiction to determine all questions presented in the opposing motions and to render the judgment the trial court should have rendered." *Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 59 (Tex. 2011).

HCC contends that the trial court erred by denying its motion for summary judgment because the agency should not have reopened the hearing and permitted Lewis to introduce evidence. The Texas Labor Code authorizes judicial review when

(3) Whether the trial court erred in implicitly finding that Lewis did not "appear" at the TWC appeal hearing on January 5, 2016, despite the fact that she called in to the hearing, was sworn in as a witness by the TWC hearing officer, and provided sworn testimony to the TWC hearing officer.

(4) Whether the trial court erred in implicitly finding that Lewis could petition the TWC to re-open the administrative record on the grounds that she did not "appear" at the TWC appeal hearing on January 5, 2016, despite the fact that she called in to the hearing, was sworn in as a witness by the TWC hearing officer, and provided sworn testimony to the TWC hearing officer.

5

a party is "aggrieved by a final decision of the commission." TEX. LAB. CODE § 212.201. "The decision of an appeal tribunal is the final decision of the commission *unless further appeal is initiated . . . .*" *Id.* § 212.104 (emphasis added). After the second hearing examiner decided to reopen the hearing, Lewis presented evidence, and the appeal tribunal determined that she was entitled to unemployment benefits. HCC promptly initiated a further appeal. The decision to reopen the hearing was not a final decision; rather, it was an interlocutory decision to permit Lewis to present evidence. This determination is not a "final decision of the commission," and it is not subject to judicial review. *See id.* § 212.201. We overrule HCC's first, third, and fourth issues.

HCC's second issue asserts that the trial court erred by granting summary judgment in favor of Lewis and the TWC. HCC made no substantive argument on appeal regarding whether the TWC's determination was supported by substantial evidence. To the extent that HCC intended to challenge the final decision of the commission that Lewis was entitled to unemployment benefits, the issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record."). We overrule HCC's second issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.